IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Patricia Ann Tumbusch, ) | Case No. 4:22-cv-01949-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| Spartanburg County Detention Center, ) | |
| C. Rogers, Chuck Wright, M. King, ) | |
| P. Cox, S. Paz, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

      This matter is before the Court upon Plaintiff's amended complaint alleging violations of her civil rights pursuant to 42 U.S.C. § 1983. ECF No. 145. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On August 4, 2022, the Magistrate Judge issued an Order informing Plaintiff that this action was subject to summary dismissal. ECF No. 11. Plaintiff was told that she could attempt to cure the defects in the complaint by filing an amended complaint. Plaintiff was warned that failure to file an amended complaint could result in dismissal of her claims with prejudice and without leave for further amendment. Plaintiff filed an amended complaint; however, as noted by the Magistrate Judge, Plaintiff failed to cure the defects in the initial complaint.

On September 1, 2022, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice and without issuance and service of process. ECF No. 20. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Plaintiff did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, Plaintiff has not objected to the Magistrate Judge's Report. Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the

recommendation of the Magistrate Judge.  This action is dismissed with prejudice and without issuance and service of process.[1]

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 1, 2022
Spartanburg, South Carolina

---

[1] *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (holding that "[w]hen a district court dismisses a complaint or all claims without granting leave to amend, its order is final and appealable").